Dear Ms. Auzenne:
On behalf of the New Orleans Regional Business Park (the "Park"), you have requested an Attorney General's opinion regarding the ad valorem tax exemption of a building and warehouse that are owned by the Park and leased to various private entities.
The Park is a special municipal subdivision with all the rights and powers of a political subdivision of the State of Louisiana and was created pursuant to the authority of La. R.S 33:4701-4708.
You indicated that the Park owns a large commercial building and a warehouse in which its principal offices are located. The Park regularly rents portions of that building and warehouse to private entities in order to encourage the development, growth and expansion of the private sector within the State of Louisiana and also to otherwise further the objectives and purposes for which the Legislature created the Park. In your request, you ask whether the Park's entire building and warehouse are exempt from ad valorem taxation under La.Const. art. VII, § 21(A), notwithstanding that portions of it are leased to various private entities.
La.Const. art. VII, § 21 provides an exclusive list of property that shall be exempt from ad valorem taxation. " Public lands; other public property used for public purposes" is included within the list of exempt property.[1]
This office has consistently employed the two-part test adopted by the Louisiana Supreme Court in Slay v. Louisiana Energy and PowerAuthority, 473 So.2d 51 (La. 1985) in order to determine the tax exempt status of public property.[2] Under that test, in order to be exempt from ad valorem taxes, the property (1) must vest in the public and (2) must be used for a public purpose.[3] *Page 2 
In the present matter, the first prong of the test is met since the Park owns the property in question. The fact that the property is leased to various private entities is of no consequence, as this office has previously recognized that the fact that public property is leased to a private entity does not preclude it from being used for a public purpose so as to be exempt.[4]
The second requirement necessary to establish ad valorem tax exemption status is that the public property be used for a public purpose. In La.R.S. 33:4708(A), the Legislature, in establishing the Park, found and declared that:
. . . the health, safety, and welfare of the people of this state are dependent upon the continued encouragement, development, growth, and expansion of the private sector within the state and it is recognized as essential to the continued growth and development of the city of New Orleans and to the continued prosperity and welfare of the people of the city of New Orleans that new industrial, manufacturing, processing, assembling, distribution, and wholesale business enterprises be encouraged to locate in the New Orleans Regional Business Park. Therefore, it is declared to be the purpose of this Section to encourage the establishment of new industrial, manufacturing, processing, assembling, distribution, and wholesale business enterprises which guarantee new jobs and capital investment in the district by providing certain tax incentives.
The question arises as to whether the Louisiana Legislature can define what constitutes "used for public purposes" as required by La.Const. art. VII, § 21(A). However, this question was answered by the Louisiana Supreme Court in Slay, supra, wherein the Court found that the Louisiana Energy and Power Authority ("LEPA") was created to provide a public service.[5] More specifically, the Court stated that La.R.S. 33:4545.2 and La.R.S. 33:4174, respectively, provided that
LEPA was created `to insure an adequate, reliable and economical supply of electric power and energy to the participating municipalities.' In the case of LPPA [Lafayette Public Power Authority], the Legislature mandated a liberal construction of the authorizing statute so that `greater economy and efficiency in the providing of electrical and energy services to the citizens of the municipality may be achieved.'[6]
Thus, the Court upheld a legislative statement of promoting the police powers of the state as a sufficient use for a public purpose.
Additionally, in previous opinions, this office has concluded that a legislative statement of public purpose is sufficient to meet the second prong of the ad valorem exemption test. Significantly, in Attorney General Opinion 06-0047, this office relied on a *Page 3 
legislative declaration "that the existence, development and expansion of commerce and industry are essential to the economic growth of the state and to the full employment, welfare and prosperity of its citizens" to opine that all property held in the name of Industrial Development Boards is exempt from ad valorem taxation in the State of Louisiana.[7]
Based upon the foregoing constitutional and statutory provisions and jurisprudential authority quoted above, it is the opinion of this office that, notwithstanding that portions of the Park's building and warehouse are leased to various private entities, the entire building and warehouse are exempt from ad valorem taxation.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL Attorney General
BY:__________________________ BENJAMIN A. HUXEN II Assistant Attorney General
JDC/BAH II
[1] La.Const. art. VII, § 21(A).
[2] La. Atty. Gen. Op. No. 06-0047.
[3] Id.
[4] La. Atty. Gen. Op. No. 93-392.
[5] 473 So.2d 51, 54.
[6] Id.
[7] La. RS. 51:1151; seealso Atty. Gen. Op. Nos. 93-392 and 89-599.